Finis E. GIBSON, and wife, Lucille D. Gibson, Plaintiffs-Appellees,

v.

LYNN MUTUAL INSURANCE COMPANY, Defendant-Appellant.

No. 71-2738

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1972.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Mr. and Mrs. Finis E. Gibson had a Texas Home Owner's policy of insurance issued by Lynn Mutual Insurance Company. The home sustained damages to its flooring and timbers. The Company denied coverage.

In response to special interrogatories a jury made findings on all factual issues.

Responding to these findings, the District Court entered judgment for the homeowners. In our opinion, this result was manifestly correct. Therefore, we apply our Local Rule 21[1] and the judgment below is

Affirmed.

* Rule 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

UNITED STATES of America, Plaintiff-Appellee,

v.

Heriberto Laberrera LOPEZ, Arcardio Batista, Defendants-Appellants.

No. 71-1251.

United States Court of Appeals, Ninth Circuit.

Feb. 4, 1972.

William C. Miller, Los Angeles, Cal., for defendants-appellants.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Gregory C. Glynn, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

We find no error, let alone plain error, in the court's instructions.

The District Court finding that reasonable efforts were made by the Government to locate and produce the informant was not clearly erroneous.

There was ample evidence to support the verdict against Batista. While he was not shown to have been involved in the conspiracy (charged against appellants and four others) as it related to some earlier substantive violations noted in the indictment, he was clearly involved with the others in those substantive violations with which he was charged.

Judgment affirmed.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.